# EXHIBIT A

| | | SUM-100 |
|---|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** IDAHO AGC SELF-FUNDED BENEFIT
*(AVISO AL DEMANDADO):* TRUST, a voluntary employee
benefit association pursuant to 26 U.S.C. §
501(c)(9), and DOES 1 THROUGH 25, INCLUSIVE

E-FILED
7/5/2018 11:39 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV331071
Reviewed By: E. Fang
Envelope: 1691888

**YOU ARE BEING SUED BY PLAINTIFF:** LUCILE SALTER PACKARD
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* CHILDREN'S HOSPITAL
AT STANFORD, a California nonprofit corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara Superior Court
191 N. First Street
San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):* 18CV331071

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Barbara V. Lam, Esq./S.B.N. 231073         818-559-4477        818-559-5484
Law Offices of Stephenson, Acquisto & Colman, Inc.
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

DATE: 7/5/2018 11:39 AM        Clerk of Court        Clerk, by E. Fang _____, Deputy
*(Fecha)*                                          *(Secretario)*                 *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

E-FILED
7/5/2018 11:39 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV331071
Reviewed By: E. Fang

LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.
JOY STEPHENSON-LAWS, ESQ.      (SBN 113755)
BARRY SULLIVAN, ESQ.           (SBN 136571)
RICHARD A. LOVICH, ESQ.        (SBN 113472)
KARLENE J. ROGERS-ABERMAN, ESQ. (SBN 237883)
BARBARA V. LAM, ESQ.           (SBN 231073)
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

Telephone:  (818) 559-4477
Facsimile:  (818) 559-5484

Attorneys for Plaintiff
LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD

# SUPERIOR COURT OF CALIFORNIA
# FOR THE COUNTY OF SANTA CLARA
# UNLIMITED JURISDICTION

| | |
|---|---|
| LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, a California nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO AGC SELF-FUNDED BENEFIT TRUST, a voluntary employees benefit association pursuant to 26 U.S.C. § 501(c)(9), and DOES 1 THROUGH 25, INCLUSIVE<br><br>Defendants. | Case No.: 18CV331071<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Breach-of-Contract Implied-in-Fact; and<br><br>2. Common Count – *Quantum Meruit* |

///

22738

- 1 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF CONTRACT IMPLIED IN FACT; AND 2. *QUANTUM MERUIT*

## PARTIES

1. Plaintiff LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD ("LUCILE PACKARD CHILDREN'S HOSPITAL") is a nonprofit corporation organized and existing pursuant to the laws of the State of California. LUCILE PACKARD CHILDREN'S HOSPITAL has its principal place of business in the City of Palo Alto, County of Santa Clara, State of California. LUCILE PACKARD CHILDREN'S HOSPITAL renders medically necessary care to patients.

2. LUCILE PACKARD CHILDREN'S HOSPITAL is informed, believes, and thereon alleges that defendant IDAHO AGC SELF-FUNDED BENEFIT TRUST ("IDAHO BENEFIT TRUST") is a voluntary employees benefit association organized and existing pursuant to the laws of the United States of America, specifically 26 U.S.C. § 501(c)(9). IDAHO BENEFIT TRUST has its principal place of business in the City of Boise, State of Idaho. Among other things, IDAHO BENEFIT TRUST is in the business of arranging; providing, and/or paying for the provision of health care services to its enrollees.

3. LUCILE PACKARD CHILDREN'S HOSPITAL is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. LUCILE PACKARD CHILDREN'S HOSPITAL will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

4. Defendants IDAHO BENEFIT TRUST, and Does 1 through 25, inclusive, shall be collectively referred to as "DEFENDANTS."

5.   DEFENDANTS, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this complaint have been and are being carried out in the State of California.

6.   At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in some other way responsible for the acts of one or more of the other defendants..

## COMMON FACTUAL BACKGROUND

7.   At all relevant times, LUCILE PACKARD CHILDREN'S HOSPITAL entered into a Blue Cross and Blue Shield National Transplant Network agreement with Blue Cross and Blue Shield Association ("BCBSA"), a non-party to this action, as a provider of medically necessary transplant care for the benefit of all enrollees of health plans, such as IDAHO BENEFIT TRUST, that were or would be registered to access the Blue Cross and Blue Shield National Transplant Network (the "BCBS National Transplant Network Agreement"). Thus, under the BCBS National Transplant Network Agreement, LUCILE PACKARD CHILDREN'S HOSPITAL agreed to render medically necessary transplant related care to the individual enrollees of IDAHO BENEFIT TRUST health plan; in exchange, IDAHO BENEFIT TRUST, agreed to pay LUCILE PACKARD CHILDREN'S HOSPITAL the negotiated rates pursuant to the terms of the BCBS National Transplant Network Agreement for that care rendered to IDAHO BENEFIT TRUST's enrollees. In general, the negotiated rates under the

BCBS National Transplant Network Agreement is a discount off of LUCILE PACKARD CHILDREN'S HOSPITAL's usual, customary and regular total billed charges (the "BCBS National Transplant Network Agreement Rates").

8. At all relevant times, IDAHO BENEFIT TRUST had an agreement with BCBSA and/or BLUE CROSS OF IDAHO, a non-party to this action, so as to gain access to the BCBS National Transplant Network Agreement Rates. IDAHO BENEFIT TRUST hence agreed to pay LUCILE PACKARD CHILDREN'S HOSPITAL for the medically necessary care rendered to the individual enrollees of IDAHO BENEFIT TRUST health plan at the BCBS National Transplant Network Agreement Rates.

9. LUCILE PACKARD CHILDREN'S HOSPITAL is informed and believes and thereon alleges that at all relevant times Patient TT[1] (with Subscriber ID No. AMG970546659) was an enrollee of IDAHO BENEFIT TRUST's health plan.

10. At all relevant times, IDAHO BENEFIT TRUST held itself out to be the responsible payer for the medically necessary care provided to Patient TT.

11. On or about September 24, 2014, LUCILE PACKARD CHILDREN'S HOSPITAL worked with IDAHO BENEFIT TRUST, through its agent BLUE CROSS OF IDAHO, to coordinate the pending medically necessary

---

[1] In deference to the Patients' privacy concerns enumerated in Cal. Const. Art. I, § 1 as well as the Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. §§ 1320d *et seq.*), LUCILE PACKARD CHILDREN'S HOSPITAL omitted here information sufficient to reveal the identity of Patients.

22738
- 4 -   COMPLAINT FOR DAMAGES FOR: 1. BREACH OF CONTRACT IMPLIED IN FACT; AND 2. *QUANTUM MERUIT*

care to Patient TT.

12. On or about September 26, 2014, IDAHO BENEFIT TRUST, through its agent BLUE CROSS OF IDAHO, authorized the medically necessary services for Patient TT and advised the authorization was valid through September 24, 2015.

13. On or about April 20, 2015, LUCILE PACKARD CHILDREN'S HOSPITAL admitted Patient TT to its facility and notified such admission to IDAHO BENEFIT TRUST, through its agent BLUE CROSS OF IDAHO. In response, IDAHO BENEFIT TRUST, through its agent BLUE CROSS OF IDAHO, affirmed the authorization by providing authorization number 140924123.

14. LUCILE PACKARD CHILDREN'S HOSPITAL rendered medically necessary care to Patient TT from April 17, 2015 through May 19, 2015.

15. At all relevant times, IDAHO BENEFIT TRUST and/or its agent authorized the medical services rendered to the Patient TT and verified eligibility of benefits.

16. LUCILE PACKARD CHILDREN'S HOSPITAL's usual, customary and regular total billed charges for the medically necessary care rendered to Patient TT from April 17, 2015 through May 19, 2015, amounted to $2,542,301.39.

17. LUCILE PACKARD CHILDREN'S HOSPITAL timely and properly submitted to IDAHO BENEFIT TRUST and/or its agent, the bill for

payment for the medically necessary care rendered to Patient TT.

18. Based on the BCBS National Transplant Network Agreement, the expected reimbursement from IDAHO BENEFIT TRUST to LUCILE PACKARD CHILDREN'S HOSPITAL amounted to $1,779,610.97 for the medically necessary care rendered to Patient TT from April 17, 2015 through May 19, 2015.

19. On or about September 24, 2015, BCBSA and/or BLUE CROSS OF IDAHO confirmed that the medically necessary care rendered to Patient TT from April 17, 2015 through May 19, 2015 would be reimbursed in accordance with the BCBS National Transplant Network Agreement Rates.

20. On or about June 5, 2016, BCBSA and/or BLUE CROSS OF IDAHO confirmed the amount of $1,779,610.97 would be due from IDAHO BENEFIT TRUST for the medically necessary care rendered to Patient TT from April 17, 2015 through May 19, 2015.

21. IDAHO BENEFIT TRUST paid only $677,196.51.

22. Despite demands thereof, IDAHO BENEFIT TRUST refused to pay LUCILE PACKARD CHILDREN'S HOSPITAL the outstanding amount due of $1,102,414.46.

23. As a result of IDAHO BENEFIT TRUST's misconduct, LUCILE PACKARD CHILDREN'S HOSPITAL has suffered damages in an amount of $1,102,414.46, exclusive of interest.

## FIRST CAUSE OF ACTION

(Breach-of-Contract Implied-in-Fact)

(Against all DEFENDANTS)

24. LUCILE PACKARD CHILDREN'S HOSPITAL incorporates by reference and re-alleges paragraphs 1 through 23 here as though set forth in full.

25. By virtue of the conduct described above, LUCILE PACKARD CHILDREN'S HOSPITAL and IDAHO BENEFIT TRUST entered into an implied-in-fact contract, which was created when LUCILE PACKARD CHILDREN'S HOSPITAL agreed to provide medically necessary care to Patient TT, who was an enrollee of IDAHO BENEFIT TRUST's health plan; in exchange for reimbursement by IDAHO BENEFIT TRUST at the BCBS National Transplant Network Agreement Rates.

26. LUCILE PACKARD CHILDREN'S HOSPITAL complied with all, or substantially all of the material provisions of the implied-in-fact contract (i.e., it rendered medically necessary care to Patient TT).

27. All conditions required for IDAHO BENEFIT TRUST performance have occurred.

28. IDAHO BENEFIT TRUST breached the implied-in-fact contract by under paying LUCILE PACKARD CHILDREN'S HOSPITAL, leaving an outstanding amount of $1,102,414.46 for the medically necessary care rendered to Patient TT by LUCILE PACKARD CHILDREN'S HOSPITAL, despite demand therefor.

29. As a direct and proximate result of IDAHO BENEFIT TRUST's misconduct, LUCILE PACKARD CHILDREN'S HOSPITAL has been damaged in the amount of $1,102,414.46.

## SECOND CAUSE OF ACTION

(Common Count – *Quantum Meruit*)

(Against all DEFENDANTS)

30. LUCILE PACKARD CHILDREN'S HOSPITAL incorporates by reference and re-alleges paragraphs 1 through 23 here as though set forth in full.

31. In the alternative, should it be found no contractual relationship exists between LUCILE PACKARD CHILDREN'S HOSPITAL and IDAHO BENEFIT TRUST, LUCILE PACKARD CHILDREN'S HOSPITAL should nevertheless be fully paid under the theory of *quantum meruit*.

32. "When services are rendered by one person, from which another derives a benefit, although there is no express contract or agreement to pay for the services, there is a 'presumption of law' which arises from the proof of services rendered, that the person enjoying the benefit of the same is bound to pay what they are reasonably worth." Fancher v. Brunger, 94 Cal. App. 2d 727, 731 (1949). LUCILE PACKARD CHILDREN'S HOSPITAL is informed and believes and thereon alleges that IDAHO BENEFIT TRUST promised its beneficiaries (including the Patient TT or her representatives) it would arrange for and/or pay for medically necessary care needed by them. Accordingly, when LUCILE PACKARD CHILDREN'S HOSPITAL rendered medically necessary care to Patient TT, IDAHO BENEFIT TRUST benefited because LUCILE

PACKARD CHILDREN'S HOSPITAL thereby assisted IDAHO BENEFIT TRUST in meeting its obligation to arrange for and/or pay for medically necessary care to its enrollees, including Patient TT.

33. By its words and/or conduct, IDAHO BENEFIT TRUST and/or its agent requested that LUCILE PACKARD CHILDREN'S HOSPITAL provide Patient TT with medically necessary care.

34. Acting pursuant to IDAHO BENEFIT TRUST's implied and/or express request, LUCILE PACKARD CHILDREN'S HOSPITAL provided medically necessary care to Patient TT.

35. LUCILE PACKARD CHILDREN'S HOSPITAL's rendering of medically necessary care to Patient TT was intended to, and did, benefit Patient TT, and therefore IDAHO BENEFIT TRUST.

36. For rendering the medically necessary care to Patient TT, LUCILE PACKARD CHILDREN'S HOSPITAL reasonably expected IDAHO BENEFIT TRUST to fully reimburse LUCILE PACKARD CHILDREN'S HOSPITAL its billed charges at its usual, customary and regular rates.

37. LUCILE PACKARD CHILDREN'S HOSPITAL's billed charges for the medically necessary care it rendered to Patient TT amounted to $2,542,301.39.

38. IDAHO BENEFIT TRUST paid $677,196.51, but refused to pay the remaining balance of $1,865,104.88, despite demands therefor.

39. Within the past two years, LUCILE PACKARD CHILDREN'S HOSPITAL demanded IDAHO BENEFIT TRUST and/or its agent to pay for the medically necessary care rendered to Patient TT but IDAHO BENEFIT TRUST refused.

40. As a result of IDAHO BENEFIT TRUST's misconduct, LUCILE PACKARD CHILDREN'S HOSPITAL has suffered damages in an amount to be proven at trial according to proof but which exceeds $1,865,104.88, exclusive of interest.

## PRAYER FOR RELIEF

**WHEREFORE**, LUCILE PACKARD CHILDREN'S HOSPITAL prays for judgment as follows:

For the First Cause of Action:

1. for the principal sum of $1,102,414.46;

2. for interest on such principal sum at the rate of 1.25% per month pursuant to BCBS National Transplant Network Agreement;

For the Second Cause of Action:

3. for the principal sum of $1,865,104.88;

4. for interest on such principal sum at the rate of 15% *per annum*, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on

such principal sum at the rate of 10% *per annum*, pursuant to Cal. Civ. Code § 3289;

For All Causes of Action;

    5.    for all costs of suit incurred herein; and,

    6.    for such other and further relief as the Court deems just and proper.

Dated: July 3, 2018

LAW OFFICES OF STEPHENSON,
ACQUISTO & COLMAN, INC.

_____
BARBARA V. LAM
Attorneys for
LUCILE SALTER PACKARD
CHILDREN'S HOSPITAL AT
STANFORD